## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:06cv5

| | | |
|---|---|---|
| **BRADLEY WAYNE McINTYRE; and** | ) | |
| **ALICE JAYNE McINTYRE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **IREDELL COUNTY OF NORTH** | ) | |
| **CAROLINA; IREDELL COUNTY** | ) | |
| **DEPARTMENT OF SOCIAL SERVICES;** | ) | |
| **LEANNE SMITH; CAROL RHOULAC;** | ) | |
| **ROBIN NICHOLSON; IREDELL** | ) | |
| **COUNTY SHERIFF'S DEPARTMENT;** | ) | |
| **and DEPUTY BENJAMIN JENKINS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on the following "notices" and motions filed by

plaintiffs:

    (1)    plaintiffs' Notice of End of Discovery and Complaint on Attorney (#35);

    (2)    plaintiffs' Motion to Compel Defendant's [*sic*] for Mediation (#36); and

    (3)    plaintiffs' Motion for Change of Judge (#41).

In such motions, plaintiffs have made a number of allegations concerning the conduct of

counsel for defendants as well as this court.

Plaintiffs have, in substance, accused this court of giving defendants preferential

treatment (by enlarging discovery) and ignoring plaintiffs' motions. Plaintiffs have asked

that a "new judge" be assigned to this case, which the court will deem to be a Motion for

Recusal. As a preliminary matter, this court notes that plaintiffs have made a number of

erroneous assumptions.

First, plaintiffs are advised that the only pending motion (prior to the filing of their

"Motion for Change of Judge"(#41) ) is their Motion to Compel Mediation (#38), which was filed July 5, 2006, to which defendants responded July 12, 2006, making plaintiffs' reply (or plaintiffs' notice that they did not intend to reply) due to be filed not later than July 24, 2006. Local Rule 7.1(B). Plaintiffs neither filed a reply or the required notice, making plaintiffs in procedural default on a substantive disputed motion.

Second, the court has read plaintiffs' "Notice of End of Discovery and Complaint on Attorney." Such pleading is not in the form of a motion and does not contain a prayer for relief. In that pleading, plaintiffs complain that they did not receive mailed deposition notices and that counsel for defendants was not playing fair. Further, plaintiffs therein give "notice" that they believe discovery was over as of July 1, 2006, in spite of the June 30, 2006, Order of this court, which was entered five days before plaintiffs' "notice." Docket Entry #34. Plaintiffs are advised that the Federal Rules of Civil Procedure govern motions, and require that "[a]n application to the court for an order shall be by motion which . . . shall be made in writing, shall state with particularity the grounds thereof, and shall set forth the relief or order sought." Fed.R.Civ.P. 7(b)(1). Plaintiffs are advised that not only did their "notice" not comply with that rule, it did not even show up as a pending motion in the official court docket.

Third, plaintiffs have accused this court of giving preferential treatment to defendants and/or their motions, which have been motions to briefly enlarge the time for completing discovery. Plaintiff are advised that the briefing requirements discussed as to their Motion to Compel are not applicable to timely motions for enlargement of time, Local Rule 7.2, and are either routinely granted or denied summarily by this court

Finally, plaintiffs are advised that this court takes seriously allegations that members of the Bar of this court are conducting themselves improperly or that the court is not treating

a litigant fairly or giving one party preferential treatment. The court takes improvident or false accusations equally seriously. While a *pro se* litigant's pleadings are read liberally, they are not immune from the good faith requirements applicable to all pleadings. Fed.R.Civ.P. 11. Plaintiffs will, therefore, be afforded an opportunity to be heard on their motions and explain to the court the basis for their allegations. Defendants will also be afforded an opportunity to respond at that hearing.

## ORDER

**IT IS, THEREFORE, ORDERED** that the following are **CALENDARED** for hearing on August 14, 2006, at 2 p.m. in the United States Courthouse in Asheville, North Carolina, in Courtroom No. 2:

(1)    plaintiffs' Notice of End of Discovery and Complaint on Attorney (#35);

(2)    plaintiffs' Motion to Compel Defendant's [*sic*] for Mediation (#36); and

(3)    plaintiffs' Motion for Change of Judge (#41).

Signed: July 31, 2006

Dennis L. Howell
United States Magistrate Judge