IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06cv5

| | |
|---|---|
| BRADLEY WAYNE McINTYRE; and ALICE JAYNE McINTYRE, <br><br> Plaintiffs, <br><br> Vs. <br><br> IREDELL COUNTY OF NORTH CAROLINA; IREDELL COUNTY DEPARTMENT OF SOCIAL SERVICES; LEANNE SMITH; CAROL RHOULAC; ROBIN NICHOLSON; IREDELL COUNTY SHERIFF'S DEPARTMENT; and DEPUTY BENJAMIN JENKINS, <br><br> Defendants. | ORDER |

**THIS MATTER** is before the court on the following "notices" and motions filed by plaintiffs:

(1) plaintiffs' Notice of End of Discovery and Complaint on Attorney (#35);

(2) plaintiffs' Motion to Compel Defendant's [*sic*] for Mediation (#36); and

(3) plaintiffs' Motion for Change of Judge (#41).

On August 14, 2006, a hearing was conducted on such motions in Asheville, at which plaintiffs appeared and defendants appeared through counsel.

Plaintiffs were first heard on their Motion for Change of Judge (#41). They complained that they felt that the court was giving defendants preferential treatment inasmuch as two motions for 20 day enlargements of time to complete discovery and file dispositive motions had been granted. As explained in the previous Order of this court and at the hearing, timely motions for enlargement of time are either routinely granted or denied summarily by this court under Local Rule 7.2. In this case, the additional time was

-1-

necessitated by plaintiffs' failure to timely respond to written discovery as well as difficulties in scheduling plaintiffs' depositions.

The court then inquired of plaintiffs as to the basis for their argument that the court is biased against them. They pointed to Orders entered in this case, which they interpret as being negative to them. The court then asked if there was anything else on which they based their motion, and they responded "no." While the court does not believe any Order has demonstrated anything other than the court's attempt to fully advise and caution plaintiffs of their obligations in discovery, the appropriate inquiry is whether there is bias on the part of this court from an extra-judicial source. The Court of Appeals for the Fourth Circuit has been quite clear on this subject:

> The alleged bias must derive from an extra-judicial source. It must result in an opinion on the merits on a basis other than that learned by the judge from his participation in the matter.

In re Beard, 811 F.2d 818, 827 (4th Cir. 1987)(citation omitted). As explained at the hearing, the undersigned does not know these plaintiffs, does not know any of the defendants, and has never even visited Iredell County other than to travel through and stop for gas. The only contact which counsel for defendants has had with the undersigned's office was a procedural inquiry as to whether an Order enlarging discovery also reset other deadlines, which was entirely proper. At this point, the only thing this court knows about plaintiffs' case is the version of events as plaintiffs have portrayed them in their Complaint inasmuch as defendants' Answer contained denials. There is no basis for recusal.

Plaintiffs are advised that *pro se* litigants, such as themselves, receive equal and in fact more lenient treatment than litigants proceeding with lawyers. Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). This is usually reflected in Orders, such as those already entered in the case, where the court attempts to explain the possible consequences of failure

to comply with rules. The reason the court does this for *pro se* litigants and not attorneys is that there is a presumption that people who are proceeding *pro se* are not skilled in the law and may not realize either their responsibilities or the consequences of their failure to respond. That plaintiffs believe the language indicates some predisposition, or that unnamed professors at their college believe the same, is simply an inaccurate reading. Plaintiffs should expect further Orders from this court containing cautionary language in the event defendants move for summary judgment. Like caution signs on the side of the road, these Orders are intended to advise plaintiffs of potential hazards which lay ahead and the proper manner in which to proceed. Plaintiffs' motion will, therefore, be denied.

Next, the court has considered plaintiffs' Notice of End of Discovery and Complaint on Attorney (#35). At the hearing, plaintiffs withdrew this motion. Inasmuch as such pleading contains unsupported allegations of attorney misconduct, such pleading will be stricken from the record.

Finally, the court has considered plaintiffs' Motion to Compel Defendant's [*sic*] for Mediation (#36). At the hearing, the court advised plaintiffs that they will be responsible for one-half the cost of mediation, that payment is due at the conclusion of mediation, and that their costs of such proceeding could reach $1,000.00 or more. Plaintiffs were concerned that defendants would not participate in such a proceeding in good faith, and the court advised that all parties must participate in good faith, but that defendants might not agree with plaintiffs as to an appropriate settlement. The court further advised that it was not possible for defendants to agree to return custody to them of a minor child or children inasmuch as custody is within the exclusive jurisdiction of the state court. With those ground rules established, the plaintiffs asked that the court Order mediation and appoint a mediator. The court then allowed the motion, and appointed Honorable Forrest A. Ferrell, Retired North

Carolina Superior Court Judge, to mediate this case. L.R. 16.3(B)(4). At the request of the parties, the court contacted Judge Ferrell after the hearing, who agreed to mediate this case. The parties should contact Judge Ferrell at (828) 328-2596 immediately.

The respective parties are advised that Judge Ferrell is a recently retired from the state trial bench, and has vast experience and expertise in the area of constitutional law, including search and seizure. Judge Ferrell now actively and vigorously practices law in this court, representing both plaintiffs and defendants in civil litigation. The parties are advised to give careful and close attention to Judge Ferrell in the mediation process.

### ORDER

**IT IS, THEREFORE, ORDERED** that

(1) plaintiffs' Notice of End of Discovery and Complaint on Attorney (#35) is **WITHDRAWN** by plaintiffs and **STRICKEN** from the record;

(2) plaintiffs' Motion to Compel Defendant's [*sic*] for Mediation (#36) is **ALLOWED**, and mediation is to proceed and be concluded not later than September 1, 2006; and

(3) plaintiffs' Motion for Change of Judge (#41) is **DENIED**.

Signed: August 15, 2006

Dennis L. Howell
United States Magistrate Judge